## WARREN *versus* MILLER.

Parol evidence that the delivery of a deed was to be void, on the fulfilment of a verbal condition, is inadmissible.

By pleading the general issue only to a writ of entry, the *disseizin* by the tenant is admitted.

And under *such plea*, the tenant cannot offer evidence of a present title of the premises in a third person, superior to that of the demandant.

Where the tenant was allowed in such case to show that the demandant had been decreed a bankrupt, it was competent for demandant to prove that his title had been restored.

Sect. 8, of late Bankrupt Act of the United States, does not limit the assignee to two years, in which to make conveyances of the real estate.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.
WRIT OF ENTRY.

The tenant pleaded the general issue.

The demandant relied upon a deed from defendant to himself of the premises demanded, dated November 23, 1838, and recorded August 2, 1844. It was in the usual form with a covenant " to warrant and defend the same from all incumbrances as made by me, but not otherwise."

The tenant read a deed of the premises to himself from one Knox, dated in 1830. He then offered a deed of the premises from himself to Stephen Hilton, dated Dec. 7, 1843, and recorded on Dec. 11, of the same year.

This deed was objected to and excluded.

The tenant then offered an attested copy of a judgment in favor of the same Hilton against the demandant, in a writ of entry brought by him for the same premises. On objection this was ruled out.

He then offered to prove that when the deed put into the case by demandant, was made and delivered, the delivery was to be void upon the fulfilment of a verbal condition that the horse which defendant had of plaintiff was returned to him, and that it was returned. This testimony was rejected.

The tenant then put into the case, against demandant's objection, a decree in bankruptcy of the plaintiff, under the U. S. Bankrupt Act, together with his petition and schedule, dated Nov. 16, 1842.

Demandant then put in copies of the proceedings in bankruptcy, and a deed from his assignee in bankruptcy to himself of sundry parcels of real estate, and among them the premises demanded, which deed was dated Nov. 9, 1849.

Upon so much of this testimony as was legally admissible the Court were to draw such inferences as a jury might, and render such judgment as the law warranted; unless the parol evidence should be held admissible and material, in which event, the action was to stand for trial.

*Stewart,* for tenant.

1. The title of Stephen Hilton to the premises, to rebut

and disprove the actual seizin of the demandant, was admissible.    *Walcot & al.* v. *Knight & al.* 6 Mass. 419 ; *King* v. *Burns,* 13 Pick. 28 ; Stearns on Real Actions, 381 ; *Rollins* v. *Clay,* 33 Maine, 140.

2. The record of the judgment of Hilton v. demandant should also have been received. It shows that the *constructive seizin* must be in him. There can be no concurrent seizin of lands. It is immaterial how Hilton came by his title. It rebuts the seizin demandant claims in the premises.

3. It is apparent that it was never the intention of the grantor to make a direct and unconditional delivery of the deed; and the evidence offered to show that it was conditional, was competent and material.    *Rhodes* v. *School District No.* 14, *in Gardiner,* 30 Maine, 110.

4. But if the deed to demandant is held valid, then the defendant became his tenant at will.    *Sherburne* v. *Jones,* 20 Maine, 70; and that tenancy has not been terminated. R. S., c. 95, § 19 ; *Matthews* v. *Demerritt,* 22 Maine, 317.

5. The deed from assignee of demandant to him conveyed no title.    The assignee had none at the time of its date to convey.    After the interval of seven years from the decree, he had no power to grant a title in bankrupt's lands. § 8, of the U. S. Bankrupt Act.

*Warren, pro se.*

SHEPLEY, C. J. — The report states, that the demandant introduced a deed dated November 3, 1838, and recorded August 2, 1844, from the tenant to himself of the premises demanded.    The execution and delivery of it must have been first proved or admitted.    The tenant offered testimony to prove "the delivery was to be void upon the fulfilment of a verbal condition stated."    This testimony was properly rejected.    The case cited for the tenant, of *Rhodes* v. *School District in Gardiner,* 30 Maine, 110, does not decide that a deed delivered to a grantee may become void by parol proof of a condition subsequently performed; only that parol proof may be received that it passed from

the grantor without delivery, and subject to be delivered upon a condition to be performed.

The general issue only having been pleaded, the disseizin was thereby admitted; and a *prima facia* case was presented for the demandant.

The tenant offered as testimony, a deed of the premises from himself to Stephen Hilton, dated December 7, and recorded December 11, 1843, which was properly excluded. The counsel for tenant insists, that it should have been received to disprove the seizin of the demandant; and professes an inability to perceive the distinction between cases, which decides that the tenant under a plea of the general issue cannot introduce proof that a third person has a present title superior to that of the demandant; and that he can introduce proof of such a title to disprove his seizin. The distinction is plain. The tenant may prove such a title to show that the demandant never was seized within twenty years, as alleged in his declaration, and thereby defeat his suit. When he cannot disprove such seizin, he cannot prove that he has subsequently been deprived of it by a conveyance to a third person; for the tenant has made no such issue with him, and has no interest in such a question. *Stanley* v. *Perley*, 5 Greenl. 369; *Cutler* v. *Lincoln*, 3 Cush. 125.

A copy of the record of a suit between the demandant and Stephen Hilton, appears to have been offered for the same purpose, and to have been properly excluded.

The testimony introduced under the general issue, to prove the bankruptcy of the demandant, might have been excluded as tending only to prove an outstanding title in a third person.

The proceedings in bankruptcy, and the conveyance from his assignee to the demandant were properly admitted to prove a restoration of the title. The eighth section of the Bankrupt Act relied upon, does not apply to conveyances.

*Tenant defaulted.*

RICE, APPLETON and CUTTING, J. J., concurred.